Johnson, J.
The Attachment act (Pub. Laws, 187,) was evidently predicated on the custom of London, and was intended to give effect and operation to it here, as the means of making an absent debtor a party in Court. It is permissable, therefore, to look into the custom to ascertain to what subjects the process of attachment applies. Debts due to the absent debtor are the subject of attachment according to the express provisions of the act, and so thev are according to the custom. But it seems to be *426 universally agreed that a legacy in the hands of the executor is not the subject of attachment. Bacon Abr. Customs of London, H. 1; and Mr. Seargeant in his treatise on attachment, p. 86, has collected and stated very forcibly the reasons. 1st. Because it is uncertain whether after the debts of the testator are paid the executor will have assets to pay the legacy. 2d. Because a legacy is not demandable or sueable at common law. 3d. Because it may work a wrong to creditors who are third persons, and can have no day in Court to interplead in such a suit.
Dawkins, for the motion.
Henry, contra.
The particular provisions of the will of Win. Young are not before the Court, hut it is inferible from the circumstance that a partition of his estate has‘been ordered, that the will directed a distribution, and it is obvious that before such distribution could rightfully be made, it must bo ascertained that all his debt's were paid — Now there is no process belonging to the ordinary jurisdiction of the Court by which the creditors of the testator could have been made parties, nor does the act prescribe any, and it never can be supposed that the Legislature intended'thus indirectly to confer on the Common Pleas a jurisdiction belonging to the Chancery, for which neither its jurisdiction or process were intended or calculated. The defendant’s distributive share of the personal estate of his father was not therefore the subject of attachment.
The act of 1783, Pub. Laws, 315, subjects lands, leasehold, estates, and chattels real, to attachment. But assuming that the defendant’s undivided interest in the real estate of his father, the testator, was subject to attachment, which may be well questioned, still the garnishee could not be liable,- not with respect to the land itself, because it does not appear that he ever was in possession of it; as executor he had no power or controul over it; and not as the nurc.ha.ser .because he did not purchase until after the attachment sued oii^ind for the still better reason because his obligation is to pay the purchase money to the Commissioner of the Court of Equity, the disposition of the funds being under the controul of that Court.
It is therefore ordered that the order of the Circuit C ourt directing the garnishee, Dr. R. M. Young, to pay to the plaintiff the defendant’s portion of the estate of his father which was in his hands as executor at the time the attachment issued, bo and the same is hereby set aside and reversed.
O’Neall and Harper, Js. concurred.